YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA          6289
CHRISTIN D. WEHRSIG         10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorney for Plaintiffs
HAWAII MASONS AND PLASTERERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' HEALTH AND WELFARE FUND, by its Trustees, Herbert Inouye, Carl Ito, Vincent Nihipali, Sr., Darlean Kiyokane, Ryan Wada, John Gervacio, Peter Iriarte, Nolan Moriwaki, John Vaielua, Ricky Tamashiro; HAWAII MASONS' TRAINING FUND, by its Trustees, Bert Beaman, Carl Ito, Glen Kaneshige, Darlean Kiyokane, Francis Pascual, John Gervacio, Peter Iriarte, Nolan Moriwaki, John Vaielua, Ricky Tamashiro;  HAWAII MASONS' PENSION FUND, by its Trustees, Anacleto Alcantra, Carl Ito, Rodney Kaichi, Mits Kaneshige, Donald Pang, Peter Iriarte, John Gervacio, Nolan Moriwaki, John Vaielua, Ricky Tamashiro; HAWAII MASONS' VACATION AND HOLIDAY FUND, by its Trustees, Carl Ito, Glen Kaneshige, Vincent Nihipali, Sr., | CIVIL NO. 15-00274 DKW-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RON'S CONCRETE SPECIALISTS, LTD. and JON MAINAAUPO, JR.<br><br><br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

| | |
|---|---|
| Darlean Kiyokane, Ron Prescott, Peter Iriarte, John Gervacio, Nolan Moriwaki, John Vaielua, Ricky Tamashiro; HAWAII MASONS' AND PLASTERERS' ANNUITY FUND, by its Trustees, Anacleto Alcantra, Carl Ito, Rodney Kaichi, Mits Kaneshige, Donald Pang, Peter Iriarte, John Gervacio, Nolan Moriwaki, John Vaielua, Ricky Tamashiro, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| RON'S CONCRETE SPECIALISTS, LTD, a Hawaii corporation; JOHN MAINAAUPO, JR., individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS RON'S CONCRETE SPECIALISTS, LTD.
AND JON MAINAAUPO, JR.

Before the Court is Plaintiff's TRUSTEES of the Hawaii Masons and Plasterers Trust Funds, which include the Health and Welfare Fund, Training Fund, Pension Fund, Vacation and Holiday Fund, and the Annuity Fund (hereinafter collectively referred to as "Plaintiffs") Motion for Entry of Default

2

Judgment Against Defendants Ron's Concrete Specialists and John Mainaaupo, Jr. Plaintiffs request that default judgment be entered pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for delinquent contributions owed to the Trust Funds, liquidated damages, and attorneys' fees and costs.

This matter came on for hearing on December 22, 2015. Appearing on behalf of Plaintiffs Hawaii Masons and Plasterers Trust Funds was Christin D. Wehrsig. Defendants Ron's Concrete Specialists, Ltd. and John Mainaaupo, Jr. did not make an appearance or otherwise defend against Plaintiff's Motion. The Court, having taken judicial notice of Defendants' default, and after careful consideration of the Motion, declarations, exhibits, and the record herein, finds and recommends that the Motion be GRANTED. As discussed more thoroughly below, this Court recommends that judgment be in favor of Plaintiff in the amount of $126,784.13.

## BACKGROUND

On July 17, 2015, Plaintiffs filed a Complaint seeking judgment for outstanding trust fund contributions and damages against Defendants alleging that Defendant Ron's Concrete Specialists, Ltd. ("Defendant Ron's Concrete") materially breached the collective bargaining agreement and various Trust Agreements created thereunder (collectively, the "Master Agreement"). Plaintiffs claimed that Defendant Ron's Concrete failed to submit monthly contribution

reports and full payments due on said reports pursuant to the terms of the Bargaining Agreement, all notwithstanding demand by Plaintiffs.

Plaintiffs allege Defendant John Mainaaupo, Jr. ("Defendant Mainaaupo") should be held liable for all judgments entered against Defendant Ron's Concrete because he was a member or officer of Defendant Ron's Concrete and the alter ego and/or mere instrumentality of Defendant Ron's Concrete.  Additionally, Plaintiffs assert a claim for breach of fiduciary duty against Defendant Mainaaupo, alleging that he is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.  Plaintiffs allege that Defendant Mainaaupo breached his fiduciary duties by intentionally failing to report and/or pay the required contributions.  Plaintiffs ask for a monetary award against Defendants and the imposition of a constructive trust on the assets of Defendants.

The action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

On July 23, 2015, service of process of the Complaint was made on Defendant Ron's Concrete Specialists, as evidenced by the Proof of Service filed

on July 31, 2015.

On July 23, 2015, service of process of the Complaint was made on Defendant Mainaaupo, Jr. through his agent Dorothy Abreu, as evidenced by the Proof of Service filed on July 31, 2015.

On August 25, 2015, Plaintiffs filed Plaintiffs' Request for Entry of Default Against Defendants Ron's Concrete Specialists, Ltd. and John Mainaaupo, Jr.  On August 26, 2015, default was entered against Defendants for failure to plead or otherwise defend itself as required by law.

On October 14, 2015, Defendant Mainaaupo, Jr. accepted personal service on behalf of himself and Ron's Concrete Specialists of the Entry of Default, as evidenced by the Proof of Service filed herein on October 22, 2015.

On November 12, 2015, Plaintiffs filed a Motion for Entry of Default Judgment ("Motion") seeking an award of the sum of $126,784.13, representing contribution amounts of $96,606.80, liquidated damages of $26,411.28, and attorneys' fees and costs of $3,766.05.

Plaintiffs' Motion for Entry of Default Judgment was accompanied by the Declaration of Stacey Tomasa in support of the damages sought by Plaintiffs.  The Declaration of Christin D. Wehrsig also accompanied the Motion for Entry of Default Judgment in support of attorneys' fees and costs.

The Motion was heard on December 22, 2015 with an appearance by Christin D. Wehrsig on behalf of Plaintiffs, and no other party making an appearance.

## DISCUSSION

Having reviewed the Motion, the declarations, exhibits, and the record established in this action, the Court finds and concludes as follows:

1. On March 19, 2009, Defendant Ron's Concrete agreed to abide by all terms and conditions of the "Master Agreement Covering the Cement Finishing and Masonry Trades in the State of Hawaii By and Between Operative Plasterers and Cement Masons International Association of the United States and Canada Local Union 630, AFL-CIO, and Hawaii Wall and Ceiling Industry Association" dated September 1, 2008 (the "Master Agreement") and the various Declaration of Trust agreements incorporated by reference.

2. The Trust Funds are a third party beneficiary of the Master Agreement.

3. Each of the Trust Funds was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. § 1002 and 1003.

4. Defendant Ron's Concrete breached the Master Agreement and is liable to the Plaintiffs by its continuous failure to perform the terms of the Master

Agreement, including: 1) failure to pay the full amounts found by the Plaintiffs for the period of December 2013, January 2014, June through October 2014, December 2014, February 2015, and April 2015; 2) failure to pay the Plaintiffs additional liquidated damages on late paid report contributions; and 3) failure to pay the Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing the terms of the Master Agreement.

5. Defendant Mainaaupo was the alter ego and/or mere instrumentality of Defendant Ron's Concrete, and as such, Defendant Mainaaupo is liable for all judgments entered into against Defendant Ron's Concrete.

6. Defendant Mainaaupo is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

7. Defendant Mainaaupo breached his fiduciary duty by intentionally failing to report and/or pay the required contributions, and as such, Defendant Mainaaupo is liable for all judgments entered into against Defendant Ron's Concrete.

8. Defendants have not sought to set aside the default in this action.

9. The billing rates for attorneys are 1) partners (Jared N. Kawashima) $250.00 and 2) associates (Christin D. Wehrsig) $195.00. The billing rate for paralegals is $95.00.

10. The Court finds that $2,904.25 for Plaintiffs' legal fees plus general

excise tax in the amount of $83.30 in performing work on this matter are reasonable, and that the rates, as previously described, are reasonable.

11.   The Court finds that the total costs in the amount of $778.50 are reasonable.

12.   The Court finds that the liquidated damages sought by the Plaintiffs of $26,018.08 are reasonable.

13.   Thus, there is known to be due, owing and unpaid to the Plaintiffs from Defendants:

1. Contributions……………………………  $96,606.80
   (December 2013, January 2014, June through October 2014, December 2014, February 2015, and April 2015)

2. Liquidated Damages………………………..  $26,411.28
   (September 2013, December 2013, January 2014, March through September 2014)

3. Legal Fees…………………………………..  $ 2,987.55

4. Costs………………………………………  $   778.50

   Total……………………………………….  **$126,784.13**

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Default Judgment be granted in favor of TRUSTEES of the HAWAII MASON HEALTH AND WELFARE FUND; HAWAII MASONS TRAINING FUND; HAWAII MASONS PENSION

FUND; HAWAII MASONS VACATION AND HOLIDAY FUND; and HAWAII MASONS AND PLASTERS ANNUITY FUND for a money judgment including contribution amounts, liquidated damages, attorneys' fees, and costs, against Defendants Ron's Concrete Specialists, Ltd. and John Mainaaupo, Jr. in the amount of $126,784.13.

DATED: Honolulu, Hawaii, January 13, 2016.

IT IS FOUND AND SO RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

Civil No. 15-00274 DKW-BMK; <u>HAWAII MASONS' HEALTH AND WELFARE FUND, by its Trustees, Herbert Inouye, Carl Ito, Vincent Nihipali, Sr., Darlean Kiyokane, Ryan Wada, John Gervacio, Peter Iriarte, Nolan Moriwaki, John Vaielua, Ricky Tamashiro, et al., vs. RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation, et al.</u>; ***FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RON'S CONCRETE SPECIALISTS, LTD. and JON MAINAAUPO, JR.***